**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 22-4045

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY DE'QUON CARUTH,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00521-D-1)

———————

Submitted:  November 30, 2022                    Decided:  December 6, 2022

———————

Before NIEMEYER, AGEE, and HARRIS, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory De'Quon Caruth pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). As part of the plea agreement, Caruth agreed to waive his right to appeal his conviction and sentence. The district court sentenced Caruth to 108 months' imprisonment. Caruth timely appealed.

Counsel for Caruth has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Caruth's sentence. Although informed of his right to do so, Caruth has not filed a pro se supplemental brief. The Government moves to dismiss the appeal as barred by the appellate waiver included in Caruth's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that Caruth knowingly and voluntarily waived his right to appeal. We therefore conclude that the waiver is valid and enforceable and that the issue counsel raises falls squarely within the scope of the waiver.

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Caruth's appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Caruth, in writing, of the right to petition the Supreme Court of the United States for further review. If Caruth requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Caruth. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*